# UNITED STATES DISTRICT COURT
## District of Oregon

UNITED STATES OF AMERICA

v.

HUMBERTO CASTRO

AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

FILED'05 MAR 09 14:29USDC-ORP

Case Number: CR 03-482-01-PA

Matt Schindler
Defendant's Attorney

**Defendant:**

__X__  pleaded guilty to count(s) __Count 1 of Information__.

_____  pleaded nolo contender to count(s) ___ which was accepted by the court.

_____  was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922 | Felon in Possession of a Firearm | 9/17/99 | 1 |

Defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____  Defendant has been found not guilty on count(s) ___, and is discharged as to such count(s).

_____  Count(s) ___ (is)(are) dismissed on the motion of the United States.

__X__  Defendant shall pay a special assessment in the amount of $ __100.00__ for Count __1 of Information,__ payable immediately to the Clerk, U.S. District Court.

IT IS ORDERED that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the court and the United States Attorney of any material change in defendant's economic circumstances.

Date of Imposition of Sentence: __August 4, 2004__

_Signature of Judicial Officer_
__OWEN M. PANNER__
Name & Title of Judicial Officer

Date: March ____, 2005

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 316 months. All other terms and conditions of the original Judgment remain in full force and effect.*

_____   The court makes the following recommendations to the Bureau of Prisons:

_____   Defendant is remanded to the custody of the United States Marshal.

_____   Defendant shall surrender to the United States Marshal for this district:

   _____ at _____ on _____

   _____ as notified by the United States Marshal.

_____   Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

   _____ before 2 p.m. on _____.

   _____ as notified by the United States Marshal and/or Pretrial Services.

\* The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 U.S.C. 3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on: _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
         Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of __5 years__ years.

*For offenses committed on or after September 13, 1994:*

   Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

   _____   The above drug testing condition is suspended, based on the court's determination that defendant poses a low risk of future substance abuse.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   Defendant shall comply with the standard conditions that have been adopted by this court (set forth below). Defendant shall also comply with any additional conditions attached to this judgment.

# SPECIAL CONDITIONS OF SUPERVISION

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. Defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.

2. Defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.

3. Defendant shall not possess a firearm, destructive, or dangerous device.

4. If defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of defendant's criminal history or instant offense, defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if defendant has used drugs or alcohol.

5. Defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

6. Defendant shall not leave the judicial district without the permission of the court or probation officer.

7. Defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

8. Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Defendant may decline to answer inquiries if a truthful response would tend to incriminate him/ her. Such a refusal to answer may constitute grounds for revocation.

9. Defendant shall support his/ her dependents and meet other family responsibilities to the best of his or her financial ability.

10. Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.

12. Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe defendant is using illegal drugs or is abusing alcohol, defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.

13. Defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.

14. Defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer.

15. Defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.

16. Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

17. Defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.

18. As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and defendant can obtain legal counsel.