**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
Email: steve_sady@fd.org
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:03-cr-00482-PA |
| Plaintiff, | **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| v. | **PURSUANT TO 28 U.S.C. § 2255** |
| **HUMBERTO CASTRO,** | *Johnson* **Claim** |
| Defendant. | |

The defendant, Humberto Castro, through undersigned counsel, respectfully moves this Court under 28 U.S.C. § 2255 to vacate the judgment in his case and correct his sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Castro should no longer be designated an armed career criminal because he does not have at least three prior convictions for a serious drug offense or a violent felony. The Court should grant relief under 28 U.S.C. § 2255 because his sentence was imposed "in violation of the Constitution or laws of the United States" and it exceeds the statutory maximum sentence.

Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2). The emphasized text is known as the "residual clause."

In *Johnson*, the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague and held that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557, 2561. In *Welch v. United States*, the Supreme Court held that the rule announced in *Johnson* is a new "substantive rule that applies retroactively on collateral review." 136 S. Ct. 1257, 1268 (2016). The Court in *Welch* explained that the rule is "new" because it was not dictated by precedent, and that it is "substantive" because it narrows the class of persons that the law can punish as armed career criminals. *Id.* at 1265-57.

Following *Johnson,* an offense qualifies as a "violent felony" only if it falls within the remaining portions of the violent felony definition. That is, the offense must have "as an element the use, attempted use, or threatened use of physical force," § 924(e)(2)(B)(i), or it must match one of the enumerated offenses of burglary, arson, extortion or the use of explosives, § 924(e)(2)(B)(ii). Mr. Castro's prior conviction or convictions do not meet these criteria. As a result, Mr. Castro's currently imposed sentence of 316 months violates due process and exceeds the 10-year statutory maximum sentence for being a felon in possession of a firearm.

This motion is being filed before June 26, 2016, and is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of the Supreme Court's decision in *Johnson,* which established a "newly recognized right" that is "retroactively applicable to cases on collateral review."

Mr. Castro respectfully requests that this Court grant this motion, vacate his erroneous sentence, and resentence him without the Armed Career Criminal Act enhancement. Pursuant to agreement with the government, the parties request that the Court issue an order directing the parties to file a proposed briefing schedule or a proposed resolution of this case within 180 days from the date of filing.

Respectfully submitted this 20th day of June, 2016.

        */s/ Stephen R. Sady*
        Stephen R. Sady
        Attorney for Defendant